**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF NEW JERSEY
M.L. KING JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
PO BOX 1352
NEWARK, NJ 07101-1352
(973) 645-2464

NOVALYN L. WINFIELD
BANKRUPTCY JUDGE

November 20, 2006

Maureen K Higgins, Esq.
Office of James M Miner, Esq
533 South Avenue East
Westfield, NJ 07090

       RE: **Victoria Steiner**
          **Case No.: 06-16796 (NLW)**
         <u>**Letter Opinion**</u>

Dear Ms. Higgins:

  The following constitutes the Court's decision regarding the Debtor's request to be exempted from completion of a Financial Management Course as a condition to receipt of a discharge.

  The application made by counsel on behalf of the Debtor simply states that the Debtor is wheelchair bound and will require assistance to complete the course. After reviewing 11 U.S.C. § 727(a)(11), the Court concludes that the Debtor's request does not meet the statutory standard.

  Section 727(a)(11) provides that a discharge will not be granted to a debtor who does not complete a personal financial management course, unless the debtor can demonstrate that she is a person described in Section § 109(h)(4) or that she resides in a district for which the United States Trustee "determines that the approved instructional courses are not adequate to service the additional individuals who would otherwise be required to complete such instructional courses under this section."

  The Debtor does not claim that no course is available. Indeed, a quick review of the Bankruptcy Court website reveals that there are a number of course that are available via the internet

for home study or over the telephone. Thus, not only are courses available, but the Debtor also has a number of courses from which to choose.

Nor does it appear that the Debtor is a person within the scope of Section 109(h). Section 109(h) addresses, <u>inter alia</u>, persons under a "disability" or suffering an "incapacity". The section defines those terms as follows:

> ... incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and 'disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

11 U.S.C. § 109(h)(4).

The Debtor's schedules reveal that she has internet service. Further, she completed the credit counseling requirement, and her attorney's application does not represent that she cannot complete a financial management course - but only that she requires assistance. This plainly does not meet the requirements imposed by BAPCPA, and the Debtor's application is denied.

Very truly yours,

*Novalyn L. Winfield*

NOVALYN L. WINFIELD
United States Bankruptcy Judge

NLW/amd
cc:   Victoria Steiner
      Charles A. Stanziale, Jr., Esq.